**Jay H. FLOYD and Julia M. Floyd, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 19127.

United States Court of Appeals Fifth Circuit.

Sept. 26, 1962.

Parker C. Fielder, Wm. Monroe Kerr, Midland, Tex., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, R. P. Hertzog, Acting Chief Counsel, C. R. Marshall, Atty., I. R. S., Melva M. Graney and John A. Bailey, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

PER CURIAM.

This case presents a single question, whether the proceeds from the assignment by petitioners of certain in-oil payment rights constitute capital gain or ordinary income. All the facts are stipulated and are found in accordance with the stipulation.

The Tax Court held that the case cannot be distinguished from that of Commissioner v. P. G. Lake, 356 U.S. 260, 78 S.Ct. 691, 2 L.Ed.2d 743, and that the proceeds are taxable as ordinary income.

We agree with the Tax Court that this is so in this case and affirm its judgment.

Affirmed.

WISDOM, Circuit Judge (dissenting).

I respectfully dissent.

In this case the taxpayer sold the working interest, reserving an overriding royalty and an oil payment. The oil payment was payable out of $\frac{5}{16}$ of production until $7,500 should be received from the first well drilled on each forty-acre tract on 840 acres, or a total amount of $157,500. Later, the taxpayer sold his entire interest in the oil payment for $75,000. Tax treatment of the $75,000 as ordinary income subject to depletion results in a deficiency of $6,865. Implicit, therefore, in the Commissioner's position is the notion that the taxpayer sacrificed $82,500 of future income, almost certain to be paid within

a reasonable period, for $6,865, the amount he might save if the transaction were treated as a capital gain.

This is indeed "strange fruit, grown from alien stock."[1]

In each of the five Lake cases there was a carved out oil payment in a single property from which the oil payment was to be satisfied; the property was assigned for the period necessary to satisfy the payment, and thereafter reverted to the assignor. Here, there is no reversion. Here, the royalty interest and the production payment are two distinct, different, separate properties. The production payment does not bear on the overriding royalty interest; the taxpayer will have that interest as long as the lease is in effect and it is payable without limit as to amount. This concept of an oil interest as a separate property distinct from other interests in the same tract has been the established view of the Treasury for many years. See U. S. Treasury Regulations, Section 1.614–1; Regulations 111, Section 29.23(m)–1(i); G.C.M. 22106, 1941 —C.B. 245; G.C.M. 24094, 1944—C.B. 250. As I read Lake, the decision does not apply to a taxpayer's assignment of his entire interest in a distinct property separate from the royalty interest and to which the assignor has no right of reversion.

I am concerned over the disruptive effects likely to be produced if Lake is applied mechanically, indiscriminately, sweepingly, whenever the owner of an interest of any sort in minerals makes any kind of conveyance by which he still retains any sort of interest in those minerals. The Commissioner seems to be saying that in every case the assignor has made a leasing or subleasing transaction, not the sale of a capital asset or capital investment. On the facts before us, I would hold that the taxpayer's sale of the production payment was not an anticipatory assignment of future income taxable as ordinary income.[1]

---

1. This is Professor Brown's phrase warning against misuse of Justice Holmes's famous metaphor of the fruit and the tree. "Beware the metaphor! Of all the anodynes for the pains of thought, it is the most seductive, the most misleading. * * * And if I may for a moment disregard my own admonition, I should say that some of the fruit has been strange fruit, grown from alien stock". Brown, The Growing Common Law of Taxation, 14 U.So.Cal.Tax Inst. 1, 15 (1961).

1. In Foster v. United States, U.S.D.C.D. La.1962, 207 F.Supp. 104, decided while the case before the court was under advisement, the district court held that the proceeds from the sale of an oil payment land were to be treated as capital gains. The taxpayer had retained a royalty interest and also the oil payment. Although the court referred to the fact that the oil payment was on nonproducing lands, distinguishing it from Lake, the court stated squarely that "the taxpayer retained two separate and distinct interests".