Earl R. WISEMAN, Director of Internal Revenue for the District of Oklahoma, Appellant,

v.

Ralph E. BARBY and Marie Barby, husband and wife, Appellees.

No. 9094.

United States Court of Appeals Tenth Circuit.

July 5, 1967.

Jonathan S. Cohen, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., B. Andrew Potter, U. S. Atty., and Michael C. Stewart, Asst. U. S. Atty., with him on the brief), for appellant.

John K. Speck, Oklahoma City, Okl. (Keith Drum, Beaver, Okl., with him on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

This is a tax refund case originating in the United States District Court for the Western District of Oklahoma. The sole question is whether taxpayers' gain from two sales of undivided one-half interests in an oil production payment is taxable as long-term capital gain or as ordinary income. 26 U.S.C. §§ 1221, 1222. Judgment was entered for the taxpayers, Ralph E. and Marie Barby, husband and wife.

The facts are fully stipulated. On November 5, 1956, taxpayers executed oil and gas leases on a large tract of Oklahoma land which they had owned for several years and on which there was then no production. Under the lease

agreement, taxpayers reserved a one-eighth royalty interest and a $300,000 oil production payment to be paid out of 90% of the lessee's 7/8ths working interest. On the same day, November 5, 1956, taxpayers sold a one-half interest in the oil production payment to a third party for $150,000. On January 3, 1957, they sold the remaining one-half interest to another party for $150,000, retaining their one-eighth royalty interest.

In their joint returns for 1956 and 1957, taxpayers reported the proceeds from the sale of the oil production payment as long-term capital gain. The Commissioner of Internal Revenue determined that the proceeds from this sale were ordinary income, subject to depletion allowance, and accordingly asserted tax deficiencies for 1956 and 1957. Taxpayers paid the deficiencies, with interest, and filed a refund claim which was denied. Thereupon this action was brought against the District Director.

The District Director asserts that the capital assets here consist of the entire reserved economic interest in the oil in place, so that when taxpayers leased the land and reserved a royalty interest and an oil production payment and then subsequently sold the oil production payment alone, they transferred less than their entire economic interest in the oil in place and therefore did not sell a capital asset, but rather the right to receive future ordinary income. We apprehend no reason for such a broad principle, nor do we think the decisions relied upon sustain the District Director's position.

Primary reliance is placed upon Commissioner of Internal Revenue v. P. G. Lake, Inc., 356 U.S. 260, 78 S.Ct. 691, 2 L.Ed.2d 743 rehearing denied 356 U.S. 964, 78 S.Ct. 991, 2 L.Ed.2d 1071. Lake was a corporation engaged in the business of producing oil and gas. It had a 7/8ths interest in two commercial oil and gas leases. In 1950 it was indebted to its president in the sum of $600,000, and in consideration of his cancellation of the debt assigned an oil payment right (production payment) to him in the amount of $600,000, payable out of 25% of the oil attributable to its working interest in the two leases. The assignment provided that the conveyance would thereafter terminate and that the interest assigned "shall revert to and revest in the grantor * * *." It was held that the consideration received for the assignment was taxable as ordinary income subject to depletion allowance, and not as long-term capital gain. It is apparent that the Lake case dealt with a factual situation in which the taxpayer conveyed neither the whole nor an undivided fraction of the oil production payment, but rather retained a reversionary interest therein upon satisfaction of the $600,000 debt. The purchaser received nothing except the right to receive the oil payment until the debt was satisfied. Here, taxpayers disposed of their entire interest in the reserved oil production payment, a property distinct and separate from the royalty interest, and a property in which taxpayers retained no reversionary interest. Other cases cited by the District Director in support of his position are also distinguishable. In United States v. Foster, 5 Cir., 324 F.2d 702, the taxpayer sold only a portion of a reserved "royalty" interest. In Floyd v. C. I. R., 5 Cir., 309 F.2d 95, there was no complete divestiture of the oil interest because of an agreement by the taxpayer to repurchase portions of the assigned oil payment contingent upon production In Estate of Killam, 33 T.C. 345, the taxpayer sold only the first of two successive oil payments which he had reserved. In Floyd and Killam, as well as Lake, there was production from the property at the time of the assignment, and this production could be applied to pay-out the assigned oil payment.

■■ The retention of an economic interest in oil property is not necessarily dispositive in every case where the question arises as to whether the proceeds from a conveyance of rights therein shall be treated as capital gain or as ordinary income for tax purposes. Cf. United States v. White, 10 Cir., 311 F.2d 399. It is the substance and effect of the entire transaction which must be examined.

United States v. Foster, supra. Here, the oil production payment was wholly separate and distinct from the royalty interest, neither being dependent upon, carved out of, or affected by the other, save that separate interests had been reserved by taxpayers out of their entire interest in the oil in place prior to the lease. Cf. Herndon Drilling Co., 6 T.C. 628, 637. The sale of the oil production payment is a complete disposition of interest and may not properly be characterized as a mere present assignment of anticipated future ordinary income as in Wiseman v. Halliburton Oil Well Cementing Co., 10 Cir., 301 F.2d 654, and Dyer v. C. I. R., 10 Cir., 294 F.2d 123. Cf. United States v. White, supra; United States v. Dresser Industries, Inc., 5 Cir., 324 F.2d 56; Caldwell v. Campbell, 5 Cir., 218 F.2d 567. The sale of each undivided half of the oil production payment constituted a complete disposition of taxpayers' entire property interest therein and therefore was a sale of a capital asset under 26 U.S.C. § 1221.

■ The District Director further contends that even if taxpayers' oil production payment is treated as a capital asset, the taxpayers nevertheless are not entitled to long-term capital gain treatment because the oil production payment, created by the lease of November 5, 1956, was not held for six months before it was sold. It is stipulated, however, that the property from which the oil production payment was created had been owned by taxpayers for several years prior to the sale of the oil production payment. The execution of the oil and gas lease providing for the oil production payment created no new rights in the taxpayers. United States v. Foster, supra., Fn. 8. Cf., Alice G. K. Kleberg, 2 T.C. 1024, 1031. Under these circumstances, the six month holding period required by 26 U.S.C. § 1222 was satisfied and the taxpayers are entitled to treat the proceeds from the sale of the oil production payment as long-term capital gain.

Affirmed.